IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,    :

    Plaintiff,            :

v.                           : Criminal Action No. GLR-10-0580

MOADIAN ELAM BRATTON-BEY,    :

    Defendant.            :

**MEMORANDUM OPINION**

THIS MATTER is before the Court on the Government's Motions to Apply Money Held by the Maryland Attorney General for Payment of Restitution (ECF No. 776) and to Apply Money Held by the Baltimore City Police for Payment of Restitution (ECF No. 781). The issues have been fully briefed and no hearing is necessary. See Local Rule 105.6 (D.Md. 2011). For the reasons given below, the Government's Motions will be granted.

**I. BACKGROUND[1]**

Defendant Moadian Bratton-Bey ("Bratton-Bey") plead guilty to Conspiracy to Commit Bank Fraud, Access Device Fraud, and Aggravated Identity Theft. On July 20, 2012, he was sentenced to 120 months, followed by three years of supervised release. In addition, he was ordered to pay $1,213,347 in restitution in

---

[1] Unless otherwise noted, the following facts are taken from the Government's Motions and from the corresponding Responses and Replies.

1

monthly installments of $25 during the term of his supervised release.  At the time of his arrest, the Baltimore City Police Department (BCPD) seized and held $4,270 and the State of Maryland seized and held an additional $3,814.  On March 25, 2013, Bratton-Bey, through counsel, contacted Assistant United States Attorney Tamara Fine seeking to have those funds returned to him.

On April 16, 2013 and May 13, 2013, the Government filed Motions to apply the funds held by the Attorney General and BCPD against Bratton-Bey's restitution judgment.  (ECF Nos. 776, 781).  Bratton-Bey timely opposed each Motion (ECF Nos. 779, 780, 783), to which the Government filed timely replies (ECF Nos. 782, 786).

## II. DISCUSSION

**A. <u>Change in the Defendant's Financial Condition</u>**

The Court finds that whether there is a material change in the defendant's economic circumstances has no bearing on the Government's ability to enforce a restitution order independent of the existing payment schedule because a court-imposed restitution payment schedule is merely one of the available collection efforts available to the Government to enforce a restitution judgment.

Under the Mandatory Victims Restitution Act of 1996 ("MVRA"), the sentencing court is required to order any

defendant convicted of an offense against property to "make restitution to the victim of the offense" without consideration of the defendant's economic circumstances. 18 U.S.C. §§ 3663A(a)(1), 3664(f)(1)(A) (2012). Once the Court has determined the amount of restitution owed, it then considers the defendant's economic circumstances when specifying "the manner in which, and the schedule according to which, the restitution is to be paid. Id. § 3664(f)(2). Section 3664(o) indicates the finality of sentences that include a restitution order and specifically enumerate a number of exceptions in which the order may be modified. Id. at § 3664(o). Of the enumerated exceptions in § 3664(o), only § 3664(k) appears to be relevant to the facts in this case. Section 3664(k) "enables the district court to modify a restitution order to reflect . . . a bona fide change in the defendant's financial condition, either positive or negative". Cani v. United States, 331 F.3d 1210, 1215 (11th Cir. 2003) (emphasis in original) (citing 18 U.S.C. § 3664(k)).

Bratton-Bey contends that any modification of his obligation to pay restitution can only be made after a court hearing in which it is determined that there has been a material change in his financial circumstances affecting his ability to pay. (Def.'s Resp. Gov't's Mot. to Apply Money Held by the Balt. City Police for Payment of Restitution 3, ECF No. 783).

Bratton-Bey further contends that the Government is not able to make such a showing because it was aware of the existence of these funds during the pendency of the underling case, and it did not object to the imposed restitution obligation of $25 per month. (Id. at 2).

In support of his contention, Bratton-Bey relies on United States v. Grant, 715 F.3d 552 (4th Cir. 2013). In Grant, the United States District Court for the Eastern District of Virginia amended Ms. Grant's original sentence to add a new requirement applying all tax refunds and other money received from any anticipated or unexpected financial gains toward outstanding restitution obligations imposed as part of her sentence. Id. at 553. The United States Court of Appeals for the Fourth Circuit found that, because Grant's history of receiving income tax refunds had previously been factored into her payment schedule, receipt of future income tax refunds could not be considered a material improvement in her ability to pay restitution. Id. at 557. The court went on to hold that the District Court abused its discretion in amending the original sentence because it failed to consider Grant's financial circumstances before imposing a new special condition of probation. Id. at 560.

The Government argues that, because the sentencing court in this case did not have before it any information about the

4

amounts of money held by the Maryland Attorney General or the BCPD, these funds were never factored into Bratton-Bey's payment schedule and thus represent a material improvement in his ability to pay restitution. (Gov't's Reply Mot. to Apply Money Held by the Balt. City Police for Payment of Restitution 2, ECF No. 786). The Government does not deny, however, its knowledge of the existence of these funds during the pendency of the case. (See generally id.). Because the Government knew Bratton-Bey's funds existed at the time of sentencing, there does not appear to have been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k).

This does not, however, end the analysis. The Government argues, and the Court agrees, that Grant is distinguishable from the facts at hand. In Grant, Ms. Grant's probation officer specifically sought a modification to the existing sentencing order to apply all future tax refunds and other money received from any anticipated or unexpected financial gains toward Ms. Grant's outstanding restitution obligations. Here, the Government seeks to, independent of the restitution schedule and on a one-time basis, apply money seized during Bratton-Bey's arrest to a lien in its favor under 18 U.S.C. § 3613. (Mot. to Apply Money Held by the Maryland Attorney General ¶ 6, ECF No. 776; Mot. to Apply Money Held by the Baltimore City Police ¶ 7,

5

ECF No. 781). Bratton-Bey contends that such an application of his funds constitutes an improper de facto modification of the restitution order requiring the Court to adhere to the material change in circumstances standard laid out in Grant. The Court disagrees.

Admittedly, Section 3664(k) only authorizes the court to modify a restitution payment schedule when there is "a material change in the defendant's economic circumstances." 18 U.S.C. § 3664(k). Nothing in the MVRA, however, indicates that a restitution payment schedule "is the only method by which the government can obtain full satisfaction of a restitution order." United States v. Hawkins, 392 F.Supp.2d 757, 759 (W.D.Va. 2005). In fact,

> The underlying policy of the MVRA is "to ensure that the loss to crime victims is recognized, and that they receive the restitution that they are due." This policy would be undermined if the court-imposed payment schedule created a right in the defendant to pay no more than the ordered installments. The better view is that a payment schedule simply serves as another collection method for the benefit of the victim rather than as a benefit to the defendant.

Id. at 759 (citation omitted).

The MVRA provides for civil enforcement by the Government for the collection of fines and restitution, and states that "an order of restitution constitutes a lien on the defendant's property that 'arises on the entry of judgment' and that the United States may enforce . . . 'in accordance with the

6

practices and procedures for the enforcement of a civil judgment under Federal law or State law.'" Id. at 760 (quoting 18 U.S.C. §§ 3613(a), (c)). Sections 3664(m)(1)(A)(i)-(ii) grant the Government the power to enforce victim restitution orders in the same manner that it recovers fines and "by all other available and reasonable means." 18 U.S.C. §§ 3664(m)(1)(A)(i)-(ii). Moreover, Section 3613(f) provides that "[i]n accordance with section 3664(m)(1)(A) of this title, all provisions of [section 3613] are available to the United States for the enforcement of an order of restitution." Id. § 3613(f). Thus, "[c]ourt-imposed payment schedules are merely one means available to enforce a restitution judgment." United States v. James, 312 F.Supp.2d 802, 807 (E.D. Va. 2004); see also United States v. Hanhardt, 353 F.Supp.2d 957, 959-960 (N.D.Ill. 2004) (indicating that an order to "pay restitution as a condition of []supervised release . . . should not be construed as permission for [the defendant] to avoid paying restitution until his sentence of incarceration is complete"); United States v. Bedonie, 317 F.Supp.2d 1285, 1330-31 (D.Utah 2004) (explaining that the MVRA allows immediate collection of restitution without regard to any payment schedule, and any rule contradictory to that would significantly hamper crime victims and contradict the fundamental purposes of the MVRA), rev'd on other grounds, 413 F.3d 1126 (10th Cir. 2005); N. Phila. Fin. P'ship v. Steele (In

re Steele), No. 04-14597DWS, 2005 WL 2077000, at *4 (Bankr.E.D.Pa. Aug. 15, 2005) (stating that "it is clear from the statute that payment according to the fixed schedule does not satisfy the restitution obligation" and "the judgment may be immediately enforced against all property of the defendant").

Here, the Government seeks to enforce a restitution judgment, independent of the court-imposed payment schedule, by seizing Bratton-Bey's property and applying it to his restitution obligation. Insofar as the Government does not seek to amend the restitution order, but merely seeks to enforce the restitution order, this Court finds that the instant case is distinguishable from Grant. As such, the Court is not limited by the material change in circumstances standard and must now determine if the Government is prohibited from pursuing enforcements efforts independent of the restitution order under these facts.

The Court finds the Government is not so prohibited. Section 3664(n) states that "[i]f a person obligated to provide restitution . . . receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). Bratton-Bey is currently incarcerated, is obligated to pay restitution of $1,213,347, and seeks release of substantial resources in the

possession of the Attorney General and the BCPD. Under these circumstances, Bratton-Bey shall be required to apply those funds to payment for restitution as required by 18 U.S.C. § 3664, and the Government's Motions will be granted.

**B. Proceeds of Unemployment Compensation Benefits**

The money seized at the time of Bratton-Bey's arrest is not exempt from enforcement of the restitution judgment pursuant to Section 6334(a)(4) of the Internal Revenue Code.

In response to the Government's Motion concerning the money held by the Maryland Attorney General, Bratton-Bey argues that the money seized at the time of his arrest was the proceeds of unemployment compensation benefits and therefore exempt from this Court's reach under Section 6334(a)(4) of the Internal Revenue Code. (Def.'s Resp. Pl.'s Mot. to Apply Money Held by the Maryland Attorney General 2, ECF No. 779). The Government concedes that proceeds of unemployment compensation benefits are in fact exempt from enforcement of the restitution judgment, but that the record lacked any evidentiary foundation for this argument and the circumstances of the money's seizure did not support the argument. (See Pl.'s Reply 1-2, ECF No. 782).

The Court agrees that the record lacks any evidentiary foundation for this argument and Bratton-Bey does not attempt to provide such evidence. Moreover, Bratton-Bey appears to have abandoned this argument entirely. (See Def.'s Resp. Pl.'s Mot.

9

to Apply Money Held by the Balt. City Police at 2). Accordingly, the Court finds that the money seized at the time of Bratton-Bey's arrest is not exempt from enforcement of the restitution judgment.

### III. CONCLUSION

For the foregoing reasons, this Court will, by separate Order, GRANT the Government's Motion to Apply Money Held by the Baltimore City Police for Payment of Restitution (ECF No. 781) and Motion to Apply Money Held by the Maryland Attorney General for Payment of Restitution (ECF No. 776).

Entered this 13th day of September, 2013

/s/
_____
George L. Russell, III
United States District Judge