IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MOADIAN ELAM BRATTON-BEY | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-14-3459 |
| | | (Related Crim. Case GLR-10-0580) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

***

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Moadian Elam Bratton-Bey's Motion under 28 U.S.C. § 2255 (2012) to Vacate, Set Aside, or Correct Sentence (ECF No. 828).[1] The Government opposes the Motion (ECF No. 839). On March 9, 2015, Bratton-Bey filed a Motion for Extension of Time to File a Reply Brief (ECF No. 849). The Court granted Bratton-Bey's Motion on the same day and allowed Bratton-Bey to file his Reply on or before April 30, 2015 (ECF No. 850). To date, however, the Court has no record that Bratton-Bey filed a reply.

---

[1] Also pending before the Court is Bratton-Bey's Motion to Appoint Counsel (ECF No. 835). A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. See Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975); Branch v. Cole, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. Id. Upon careful consideration of Bratton-Bey's previous filings in this case, the Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. Moreover, the issues pending before the Court are not unduly complicated. The Court, therefore, concludes that there are no exceptional circumstances that would warrant the appointment of an attorney to represent Bratton-Bey. Accordingly, the Court will deny Bratton-Bey's Motion.

1

No hearing is necessary. See 28 U.S.C. § 2255(b). Because Bratton-Bey's Petition is untimely, the Court will deny the Motion.

There is a one-year period of limitation for filing habeas petitions. See 28 U.S.C. § 2255(f). The on-year period begins to run from the latest of:

> (1) [T]he date on which the judgment of conviction becomes final; [or]
> (2) [T]he date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action[.]

Id. When a defendant's conviction is affirmed on direct appeal, and he does not file a petition for writ of certiorari from the United States Supreme Court, the judgment becomes "final" for the purpose of the one-year limitation period when the time for filing a petition for writ of certiorari expires. See Clay v. United States, 537 U.S. 522, 532 (2003). The procedural rules of the Supreme Court provide that a party must file a petition for writ of certiorari within 90 days after a United States Circuit Court of Appeals enters the judgment. See S.Ct. Rule 13.

On April 12, 2012, Bratton-Bey plead guilty without a plea agreement to one count each of bank fraud conspiracy (in violation of 18 U.S.C. § 1349), access device fraud (in violation of 18 U.S.C. § 1029), and aggravated identity theft (in violation of 18 U.S.C. § 1028(A)). (ECF No. 445). On August 1, 2013, the United States Court of Appeals for the Fourth Circuit affirmed Bratton-Bey's conviction. United States v. Bratton-Bey, 537 F.App'x 165, 166 (4th Cir. 2013) (unpublished per curiam opinion). Bratton-Bey's conviction became "final" for purposes of § 2255(f) on October 30, 2013—90 days after August 1, 2013. As a result, the one-year statute of limitations for the filing of the instant petition expired on October 30, 2014. Bratton-Bey

certified that he mailed the petition on October 31, 2014—one day after the limitations period expired.[2] The Court concludes, therefore, that the Petition is untimely and must be denied.[3]

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a jurisdictional prerequisite to an appeal from the court's earlier order. United States v. Hadden, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Bratton-Bey does not satisfy this standard. Accordingly, a certificate of appealability will not issue.

For the foregoing reasons, Bratton-Bey's Motion to Vacate (ECF No. 828) and Motion to Appoint Counsel (ECF No. 835) are DENIED. The Government is also directed to file a response to Bratton-Bey's Second Motion for Return of Property (ECF No. 827) within five days of this date of this Order.

So ORDERED this 21st day of April 2017.

/s/
_____
George L. Russell, III
United States District Judge

---

[2] The Clerk did not receive the Petition until November 3, 2014. (See ECF No. 828).
[3] Bratton-Bey has not argued, nor has he demonstrated, that equitable tolling of the limitations period is appropriate.